UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

IN RE:

TANYA EPLING                                                                                    CASE NO. 10-70842

DEBTOR

JAMES R. WESTENHOEFER, as the                                                  PLAINTIFF
CHAPTER 7 TRUSTEE

V.                                                                                        ADVERSARY CASE NO. 11-7012

VANDERBILT MORTGAGE AND FINANCE,
INC., ET AL.                                                                                              DEFENDANTS

**MEMORANDUM OPINION**

This issue before the Court on cross-motions for summary judgment [Docs. 13 and 16] is whether the Plaintiff Trustee may avoid a lien held by the Defendant Vanderbilt Mortgage and Finance Inc. ("Vanderbilt") on the Debtor Tanya Epling's mobile home pursuant to 11 U.S.C. §544 because Vanderbilt failed to file the title lien statement in the county where the Debtor resides. The unambiguous language of K.R.S. §186A.190 requires filing of the title lien statement in the county of a debtor's residence in order to properly perfect a lien. Thus, Vanderbilt's lien is not properly perfected and may be avoided by the Plaintiff pursuant to his "strong arm powers" under section 544.

**Facts**

The parties do not dispute the material facts. In April 2009, the Debtor borrowed $42,069.09 from Vanderbilt to finance a 2009 Giles Classic 16' x 80' mobile home, VIN # GM9039 (the "Mobile Home"), located at 1417 Cow Creek Road, Salyersville, Kentucky. The Mobile Home is located in Magoffin County, Kentucky, and at all times relevant hereto the Debtor lived in Magoffin County. Vanderbilt filed its title lien statement in Bell County on April

1

20, 2009. The title was issued and Vanderbilt's lien was noted on the certificate of title as filed in Bell County.

The Debtor filed for Chapter 7 relief on October 29, 2010. The Plaintiff was appointed as the Chapter 7 Trustee. On February 15, 2011, the Plaintiff filed this adversary proceeding seeking to avoid Vanderbilt's lien pursuant to 11 U.S.C. §544 because Vanderbilt filed the title lien statement in the wrong county and thus did not properly perfect its lien in accordance with K.R.S. §186A.190. Vanderbilt has answered and denied the Plaintiff's allegations and has argued that its lien is properly perfected by the notation of the lien on the certificate of title in accordance with K.R.S. §186A.190 [Doc. 12]. The parties filed cross-motions for summary judgment [Docs. 13 and 16]. Vanderbilt has also filed a motion to continue the trial and trial order deadlines and to certify this question of law to the Kentucky Supreme Court [Doc. 18]. The Court has taken these matters under submission for determination [Doc. 24].

**Analysis**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and this is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is founded in this Court pursuant to 28 U.S.C. §1409.

The issue in this matter has previously been determined by this Court in a similar adversary proceeding in which Vanderbilt was a defendant. In *Palmer v. Vanderbilt Mortgage and Finance, Inc. (In re Walling)*, Adv. No. 10-5076, this Court held that K.R.S. §186A.190 requires Vanderbilt to file its title lien statement with the county clerk where the debtor resides to properly perfect its interest. In making this determination, this Court relied on a previous decision entered by Judge William S. Howard in *Schlarman v. Fifth Third Bank, Inc. (In re Sands)*, 2008 Bankr. LEXIS 3064 (Bankr. E.D. Ky. Sept.16, 2008) holding the same. The law in Kentucky is clear – in accordance with the clear and unambiguous language of K.R.S. §186A.190 requiring titling in the office of the county clerk where a debtor resides, a security

2

interest in a mobile home is unperfected where the lienholder fails to file the title lien statement in the appropriate county. The additional authority offered by Vanderbilt is unpersuasive. The case law relied on by Vanderbilt is from jurisdictions other than Kentucky and is not binding on this Court.

Because K.R.S. §186A.190 unambiguously requires titling in the office of the county clerk where the Debtor resides and there is no dispute that Vanderbilt failed to file the title lien statement in Magoffin County, the county of the Debtor's residence, the Trustee may avoid the Vanderbilt's lien pursuant to his "strong arm powers" under 11 U.S.C. §544.

Moreover, because this Court finds that K.R.S. §186A.190 is clear and unambiguous, and has previously ruled that K.R.S. §186A.190 requires Vanderbilt to file its title lien statement with the county clerk where the debtor resides to properly perfect its interest, the Court declines to certify this question to the Kentucky Supreme Court pursuant to Ky. R. Civ. P. 76.37.

### Conclusion

The foregoing constitutes the Court's Findings of Fact and Conclusions of Law. A separate order shall be entered accordingly.

Copies To:

James Westenhoefer, Esq.

Ashley Sanders Cox, Esq.

John P. Brice, Esq.

3

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Friday, May 20, 2011**
**(tnw)**